John Edward HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. 43303.

Missouri Court of Appeals,
Eastern District,
Division No. 3.

May 26, 1981.

Toohey & Moore, Kim R. Moore, Perryville, for appellant.

John Ashroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, John G. Meyer, Perryville, for respondent.

CLEMENS, Senior Judge.

Movant John E. Hayes hereafter "defendant" appeals the post-hearing denial of his Rule 27.26 motion. Thereby he sought to correct the sentence and judgment imposed by the circuit court of Perry County. This, by providing its sentence be served concurrently with, instead of consecutively to, another sentence that had been imposed by the St. Louis City circuit court.

A year before, defendant pled guilty to burglary and stealing in Perry County, was sentenced to two concurrent four-year sentences, and placed on probation. A year later he pled guilty to robbery and stealing in St. Louis and was sentenced there to two concurrent five-year sentences. The state then transferred defendant from St. Louis to Perry County and after a hearing there the court revoked defendant's probation and ordered him imprisoned for concurrent four-year terms to commence on completion of the St. Louis sentences.

In Perry County defendant pleaded and testified that before pleading guilty in St. Louis his counsel John Putzel promised him that when his probation was revoked in Perry County the sentences there would run concurrently with the five-year St. Louis sentences.

Defendant called St. Louis public defender John Putzel as a witness. He testified he had told defendant his Perry County probation would probably be revoked, that he could not and did not promise defendant the Perry County sentences would run concurrently with the St. Louis sentences, and that only the judge in Perry County could make that decision.

Defendant also called Perry County public defender Ron Pedigo as a witness. He testified he asked the court to make defendant's Perry County sentences concurrent with the St. Louis sentences but the court declined.

In denying defendant's plea for concurrent sentences the trial court specifically found that Mr. Putzel had not promised defendant the Perry County sentences would run concurrently with the St. Louis sentences. This conclusion was not clearly erroneous and we deny defendant's first point.

By his second point defendant contends his counsel was ineffective by allowing him to believe the four-year Perry County sentence would run concurrently with the five-year sentence imposed in St. Louis.

Defendant now argues this belief was corroborated by the testimony of both his St. Louis and Perry County counsel. No so; it was refuted. Defendant called both as witnesses. Each had talked with defendant about possible concurrent sentences but had told him that decision was up to the judge.

Defendant's contention of ineffective counsel is supported only by his own testimony, was refuted by his counsels' testimony, and the latter was accepted as true by the trial court. Thus, the trial court did not err in denying defendant's motion. Compare *Crews v. State*, 510 S.W.2d 425[1] (Mo. 1974).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.